CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 21, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES SUPREME COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONALD WAYNE BARKSDALE,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00689 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **S. BERNARD GOODWYN, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Donald Wayne Barksdale, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against the Judges of the Supreme Court of Virginia, the Court's Clerk and Deputy Clerk, the Danville Circuit Court Clerk and Executive Administrator, and the Commonwealth Attorney and an Assistant Commonwealth Attorney for the City of Danville. In preliminary screening of this case, required by 28 U.S.C. § 1915A(a), I find that the defendants are immune from suit and that the Complaint is frivolous. Accordingly, I will dismiss the Complaint.

As he has in several other cases, Barksdale alleges constructive fraud and deprivation of inherent natural rights to liberty, to contract, and to due process of law. He alleges that Virginia's laws and ordinances apply to artificial beings, not to live living flesh and blood beings unless they consent. He refers to the defendants as "a private for-profit foreign corporation," allegedly enriching itself unjustly by wrongfully enforcing statutes against live beings.

Judges have absolute immunity from suit, except when acting in their personal, non-judicial capacity or when acting in the absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This means they are immune from defending against a lawsuit, not just from paying damages. *Id.* Clerks, like judges, are immune from suits for damages arising out of the performance of tasks that are an integral part of the judicial process. *Briggman v. Virginia, Dep't*

*of Soc. Servs, Div. of Child Supp. Enf't*, 526 F. Supp. 2d 590, 602 (W.D. Va. 2007). Prosecutors also have absolute immunity from liability for damages arising from activities intimately associated with the judicial phase of the criminal process. *Carter v. Burch*, 34 F.3d 257, 261 (4th Cir. 1994).

Although judges, clerks, and prosecutors may be sued for injunctive relief, the facetious allegations of the plaintiff do not warrant such relief. Barksdale's allegations have the "hallmarks of the 'sovereign citizens' movement, whose followers believe they have special rights and often object to jurisdiction on frivolous and unfounded grounds." *Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 n.2 (W.D. Va. April 3, 2019). The arguments state no violation of the Constitution or federal law; they are patently frivolous and without merit, having no conceivable validity in American law. *Id.* (internal citations omitted).

For the reasons stated, it is **ORDERED** that the Complaint under 42 U.S.C. § 1983 is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)–(2) as frivolous and as seeking monetary relief from defendants who are immune from such relief. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **DISMISSED** as moot, and this action is **STRICKEN** from the active docket of the court.

The Clerk is further directed to send a copy of this Opinion and Order to Mr. Barksdale.

Enter: April 21, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge